UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE DEITA,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGE LAYO BUENO, et al.,<br><br>    Defendants. | Case No. 3:23-cv-03901-RFL  (KAW)<br><br>**ORDER TERMINATING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND/OR MOTION TO QUASH THIRD PARTY SUBPOENAS**<br><br>Re: Dkt. No. 82 |

All discovery disputes in this case have been referred to the undersigned. (Dkt. Nos. 66 & 67.) On February 20, 2025, the presiding judge continued the fact discovery cutoff to February 28, 2025 for the limited purpose of taking the depositions of Plaintiff Christine Deita, and Defendants George Bueno and Nida Layo. (Dkt. No. 80 at 1.) All other fact discovery closed on February 7, 2025. *See id.*

On February 28, 2025, Defendants served on Plaintiff a notice of intent to serve subpoenas, which informed Plaintiff that, on or after March 5, 2025, subpoenas would be served on the Tahirih Justice Center and Richmond Area Multi-Services, Inc. (*See* Defs.' Notice, Decl. of Alexander S. Rusnak, "Rusnak Decl.," Dkt. No. 82-3 ¶ 2, Ex. A.) Both subpoenas listed a document production date of March 20, 2025. *See id.*

On March 18, 2025, Plaintiff filed a motion for protective order and/or to quash the third-party subpoenas. (Pl.'s Mot., Dkt. No. 82.) The Court TERMINATES this motion for multiple reasons:

First, all discovery disputes between the parties must be resolved via joint discovery letter in accordance with the Court's standing order. (*See* Judge Westmore's Standing Order ¶¶ 13-14.)

Second, this motion is untimely filed. The general fact discovery cutoff was February 7,

2025. (*See* Dkt. No. 69.)  The February 28, 2025 extension was "[f]or the limited purpose of taking the additional depositions[.]" (Dkt. No. 80 at 1.)  This motion does not involve the actual taking of these depositions, so the relevant cut-off was February 7, 2025.  Pursuant to Civil Local Rule 37-3, "no motions related to fact discovery may be filed more than 7 days after the fact discovery cut-off".  Thus, the deadline to raise this dispute via the joint discovery letter procedure was February 14, 2025.  Even if the deadline was based on a February 28, 2025 fact discovery cut-off, it would have been March 7, 2025.  The motion for protective order was not filed until March 18, 2025, rendering it untimely.

Notwithstanding, Defendants' subpoenas are not enforceable, because the date of compliance was well after the fact discovery cut-off.  Pursuant to the Civil Local Rules, "[d]iscovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." Civil L.R. 37-3 (N.D. Cal. 2024).  Defendants did not seek, let alone obtain, a court order to enforce these subpoenas, rendering them unenforceable.

Accordingly, the pending motion is TERMINATED, and the undersigned will not address this issue unless the fact discovery cut-off is extended by the presiding judge.

IT IS SO ORDERED.

Dated: March 19, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge